*KM*

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay A. Klein,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV 05-969-PHX-MHM (VAM)<br><br>**ORDER** |

On March 30, 2005, Plaintiff Jay A. Klein, presently confined in the Maricopa County Durango Jail, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. This action is one of more than six hundred (600) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant to answer the Complaint.

With the Complaint, Plaintiff also filed an Application to Proceed In Forma Pauperis which the Court denied with leave to re-file on May 4, 2005 (Doc. #3). Plaintiff filed a new Application to Proceed In Forma Pauperis on May 23, 2005 (Doc. #4).

**Application to Proceed In Forma Pauperis and Filing Fee**

Plaintiff's May 23, 2005 request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action.

**TERMPSREF**

1  An initial partial filing fee of eight dollars and twenty-three cents ($8.23) will be
2 assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the
3 appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and
4 forward it to the Clerk of Court.

5  Plaintiff will be obligated for monthly payments of twenty percent (20%) of the
6 preceding month's income credited to Plaintiff's trust account. The Court will direct the
7 appropriate agency to collect these monthly payments, which will be forwarded to the Clerk
8 of Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the
9 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

10  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
11 must pay the remaining unpaid amount of the filing fee within one hundred twenty (120)
12 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within
13 one hundred twenty (120) days of the date of his release, the action will be dismissed, unless
14 Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing
15 fee.

16 **Statutory Screening and Complaint**

17  The Court is required to screen complaints brought by prisoners seeking relief against
18 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
19 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
20 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
21 may be granted, or that seek monetary relief from a defendant who is immune from such
22 relief. 28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion
23 thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. §
24 1997e(a).

25  Maricopa County Sheriff Joseph Arpaio is named as a Defendant to the Complaint.
26 Plaintiff alleges three grounds for relief in the Complaint: 1) he receives insufficient and
27 undercooked food; 2) Plaintiff's safety is threatened by severe overcrowding; and 3)
28 conditions in the jail are unsanitary. These allegations adequately state a claim, and the

1  Court will require Defendant to answer the Complaint.

2  **Rule 41 Cautionary Notice**

3  Plaintiff should take notice that if he fails to timely comply with every provision of
4  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
5  41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
6  61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
7  Court), cert. denied, 506 U.S. 915 (1992).

8  **IT IS THEREFORE ORDERED** as follows:

9  (1) Plaintiff's May 23 ,2005  Application to Proceed In Forma Pauperis (Doc. #4) is
10  GRANTED;

11  (2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars
12  ($250.00) for this action.  Plaintiff is assessed an initial partial filing fee of eight dollars and
13  twenty-three cents ($8.23).  All fees shall be collected and paid in accordance with this
14  Court's Order to the appropriate government agency filed concurrently herewith;

15  (3)  The Clerk of Court shall send Plaintiff a service packet including the Complaint,
16  this Order, and both summons and request for waiver forms for Defendant Arpaio;

17  (4) Plaintiff shall complete and return the service packet to the Clerk of Court within
18  twenty (20) days of the date of filing of this Order.  The United States Marshal will not
19  provide service of process if Plaintiff fails to comply with this Order;

20  (5) If Plaintiff does not either obtain a waiver of service of the summons or complete
21  service of the Summons and Complaint on Defendant within one hundred twenty (120) days
22  of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever
23  is later, the action may be dismissed as to Defendant not served pursuant to Rule 4(m) of the
24  Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

25  (6)  That the United States Marshal shall retain the Summons, a copy of the
26  Complaint, and a copy of this Order for future use;

27  (7) That the United States Marshal shall notify Defendant of the commencement of
28  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

1 Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The
2 Marshal shall file waivers of service of the summons or requests for waivers that were
3 returned as undeliverable as soon as they are received.  If a waiver of service of summons
4 is not returned by Defendant within thirty (30) days from the date the request for waiver was
5 sent by the Marshal, the Marshal shall:

6     (a) Personally serve copies of the Summons, Complaint, and this Order upon the
7 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

8     (b) Within ten (10) days after personal service is effected, file the return of
9 service for the Defendant, along with evidence of the attempt to secure a waiver of
10 service of the summons and of the costs subsequently incurred in effecting service
11 upon the Defendant.  The costs of service shall be enumerated on the return of service
12 form (USM-285) and shall include the costs incurred by the Marshal for photocopying
13 additional copies of the Summons, Complaint, or this Order and for preparing new
14 process receipt and return forms (USM-285), if required.  Costs of service will be
15 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
16 Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

17 (8) **If Defendant agrees to waive service of the Summons and Complaint,**
18 **Defendant shall return the signed waiver forms to the United States Marshal, not the**
19 **Plaintiff;**

20 (9) Defendant shall answer the Complaint or otherwise respond by appropriate
21 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
22 Rules of Civil Procedure;

23 (10) That Plaintiff shall serve upon Defendant, or if appearance has been entered by
24 counsel, upon counsel, a copy of every further pleading or other document submitted for
25 consideration by the Court.  Plaintiff shall include with the original document and copy, to
26 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
27 the pleading or document was mailed to Defendant or counsel.  Any paper received by a
28 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

1  may be disregarded by the Court;

2  (11) That at all times during the pendency of this action, Plaintiff shall immediately 3 advise the Court and the United States Marshal of any change of address and its effective 4 date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice 5 shall contain only information pertaining to the change of address and its effective date. 6 Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include 7 any motions for any other relief. Failure to file a Notice of Change of Address will result in 8 the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules 9 of Civil Procedure;

10  (12) That a clear, legible copy of every pleading or other document filed shall 11 accompany each original pleading or other document filed with the Clerk for use by the 12 District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this 13 requirement may result in the pleading or document being stricken without further notice to 14 Plaintiff; and

15  (13) That this matter is referred to Magistrate Judge Virginia A. Mathis pursuant to 16 Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

17  DATED this 20th day of October, 2005.

_____
Mary H. Murguia
United States District Judge